IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT YAMPEY,                          }
        *Plaintiff*              }
v.                                      }        CIVIL ACTION NO. H-05-4348
                                        }
GLAZER FOODS COMPANY,                   }
GLAZER'S WHOLESALE DRUG                 }
COMPANY, INC., and TRAVELERS            }
INDEMNITY COMPANY,                      }
        *Defendants*            }

## ORDER ON MOTION TO STAY

      Pending before the court is Defendant Travelers Indemnity Company's ("Travelers") motion to stay (Instrument No. 8 and a duplicate filed as Instrument No. 13). Travelers argues that Texas Labor Code § 410.251 and the doctrine of primary jurisdiction require abating this lawsuit until Plaintiff Robert Yampey ("Yampey") obtains a final decision from the Texas Workers' Compensation Commission ("TWCC"). Yampey claims that he has already received a final decision from the TWCC, or, alternatively, that the doctrine of primary jurisdiction does not apply to his claims against Defendants Glazer Foods Co. and Glazer's Wholesale Drug Co. Inc. ("Glazer").

      "The Workers' Compensation Act vests the power to award compensation benefits solely in the Workers' Compensation Commission, subject to judicial review." *American Motorist Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001). Judicial review is governed by § 410.251, which provides "A party that has exhausted its administrative remedies under this subtitle *and* that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter . . ." Tex. Lab. Code Ann. § 410.251 (Vernon 2006) (emphasis added). "Section 410.251 clearly requires that a party must exhaust its administrative remedies and be aggrieved by a *final decision* of the appeals panel before it seeks judicial review." *Albertson's, Inc. v. Ellis*, 131 S.W.3d 245, 248 (Tex. App.– Fort Worth 2004 pet. denied). In this case, it appears that Yampey filed a request for a benefit review conference (Instrument No. 14,

Ex. A), but was denied (Instrument No. 14, Ex. B).  He claims that this denial functions as final determination.  However, the denial letter explains that Yampey submitted "insufficient documentary information on benefit dispute" and states that the "[P]arty may resubmit with information to support an injury sustained on 3-5-04 and inability to work due to that injury."  *See* Denial Letter (Instrument No. 14, Ex. B).  This is not a final determination. Therefore the case will be abated to allow Yampey to return to the TWCC and take such steps as are necessary to secure an final determination of his claim.

Travelers argues that the court should apply the doctrine of primary jurisdiction to, and stay the remainder of Yampey's claims.  The doctrine of primary jurisdiction applies where,

> (1) the court has original jurisdiction over the claim before it; (2) the adjudication of that claim requires the resolution of predicate issues or the making of preliminary findings; and (3) the legislature has established a regulatory scheme whereby it has committed the resolution of those issues or the making of those findings to an administrative body.

*Northwinds Abatement v. Employers Ins.*, 69 F.3d 1304, 1311 (5th Cir. 1995) (citing *Penny v. Southwestern Bell Tel. Co.*, 906 F.2d 183, 187 (5th Cir.1990)). By its terms this doctrine applies to Yampey's claim against Travelers for intentional infliction of emotional distress.  It does not however, implicate Yampeys claims against Glazer.  Nevertheless, the court has determined that the interest of judicial economy favor disposition of all of Yampey's claims as a group.  It is therefore **ORDERED** that

Defendant's motion is **GRANTED**.  Plaintiff has 30 days to initiate proceedings before the TWCC.  Alternatively, Plaintiff may voluntarily dismiss his claim for wrongful denial of workers' compensation benefits. In any event,

Plaintiff shall inform the court promptly of what path he elects to take.  If, after 30 days, Plaintiff has not reinitiated proceedings before the TWCC, Defendant may move to dismiss Plaintiff's claim.

**SIGNED** at Houston, Texas, this 21st day of September, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE